## El Pueblo *v.* Caquias.

Apelación procedente de la Corte de Distrito de Ponce.

No. 16.—Resuelto en Diciembre 21, 1904.

Apelación—Sentencia Absolutoria.—El recurso de apelación no procede contra una sentencia dictada en causa criminal absolviendo al acusado del delito que se le impute.

Id.—El Tribunal Supremo no puede hacer declaraciones de derecho sino dentro de los límites de su jurisdicción como Tribunal de apelación, ó de Primera Instancia en los casos en que tenga jurisdicción original, no pudiendo por consiguiente resolver cuestiones agenas al problema jurídico planteado en los respectivos casos sometidos á su consideración.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rossy (Fiscal).*

La parte apelada no compareció.

El Juez Asociado Sr. Figueras, emitió la siguiente opinión del Tribunal.

Francisco Caquias fué acusado por el Fiscal del Distrito de Ponce, que entonces lo era Don Francisco Parra, en la forma siguiente:

"En la Ciudad de Ponce, Distrito Judicial del mismo nombre, en la noche del 31 de Octubre de 1902, y con motivo del motín ocurrido en el 'Club Federal,' Francisco Caquias denunció bajo jura-

mento á D. Guillermo Schuck por haberlo visto salir del zaguan del referido Club, disparando tiros, siendo así que dicho Señor Schuck permaneció en su casa habitación enfermo toda la noche.''

El acusado negó la acusación y al propio tiempo expresó su deseo de ser juzgado por el Juez de Derecho : se procedió á la celebración del juicio y en el *record* que se ha remitido constan las copias de las declaraciones de varios testigos tomadas taquigráficamente en el juicio, por el delito de perjurio á que dió lugar esta causa. Consta igualmente copia de la sentencia que en ocho de Agosto último dictó el Juez, en la que manifiesta que, después de oir la lectura de la acusación, la alegación del acusado de no ser culpable, las pruebas en contra y á favor de éste, y los informes de los abogados, es de opinión que la ley y los hechos están á favor del acusado y por consiguiente considera ''á Francisco Caquias no culpable, y declara su absolución y que sea puesto en libertad, exento de todos los cargos que se le imputan en la acusación''. Esa sentencia parece que es la síntesis de un dictámen del Juez, fechado en el mismo día ocho de Agosto último, deduciéndose de su lectura que la absolución se funda en dos razones, siendo la primera que la acusación adolece del vicio capital de no imputar al acusado el delito público de perjurio, ni otro alguno, porque no aparece de ella ni que al acusado le constara la falsedad del hecho declarado, ni que tal hecho sea falso, ni el procedimiento en que se prestó la declaración. La segunda razón en que la absoulción se funda, según el dictámen á que nos referimos, es la insuficiencia de las pruebas aportadas al juicio. El abogado José J. Fernández, en su carácter de *Assistant Prosecuting Attorney,* que fué en el acto del juicio, apeló de dicha sentencia, y del escrito de apelación se enteró á Don L. Yordan Dávila, como abogado del acusado. El Fiscal de esta Corte Suprema, así en su alegato, como en su informe oral, el día de la vista, que sin asistencia de la representación del acusado tuvo lugar el trece del actual, reconoce que es improcedente la apelación,

dice que no viene á discutir la legalidad del fallo, y terminan-
temente expresa que no pretende que se haga declaración
alguna que perjudique los derechos del acusado absuelto.   De
manera que reconoce el Fiscal que no cabe la apelación estable-
cida, porque desde luego á tal recurso se opone el artículo 348
del Código de Enjuiciamiento Ciminal, que al enumerar los
casos en que el Ministerio Público puede establecer apela-
ción, quedan, por exclusión, fuera de dicho recurso, las sen-
tencias absolutorias como es la de que hoy se trata.   Pero
después de ese reconocimiento aspira el Fiscal á que se pre-
cise por esta Corte cuál sea el momento en que las Cortes
de Distrito, con vista de una acusación defectuosa, puedan
desestimarla, quedando el Fiscal en condiciones de presentar
una nueva acusación, sin peligro de que contra ella sea posi-
ble la alegación de haber estado una vez expuesto el acusado
por el mismo delito (No. 4º. del artículo 162 del Código de
Enjuiciamiento Criminal).   Dada la forma y ocasión en que
se plantea el caso por el Fiscal, no es posible darle por hoy
una solución que tenga, como se pretende, un carácter general.
Hay que tener en cuenta que esta Corte es una Corte de Ape-
lación y solo en ese grado pueden resolverse por ella las cues-
tiones que han sido planteadas y debatidas en la causa y re-
sueltas por las sentencias de las Cortes inferiores, salvo
aquellos asuntos para cuyo conocimiento tiene esta Corte
jurisdicción originaria.   Hay además otra consideración que
impide acceder á los laudables deseos del Fiscal y es que el
momento en que el Juez debe considerar la acusación es para
él una facultad discrecional ó ministerial, y si prefiere juzgar
todo el caso en conjunto, no puede esta Corte Suprema pri-
varle de ese derecho.   Por tales razones somos de opinión
que debe declararse que no ha lugar á resolver este recurso.

*Sin lugar.*

· Jueces concurrentes: Sres. Presidente Quiñones, y Aso-
ciados, Hernández, MacLeary y Wolf.